IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR CARTER,** | : | CIVIL ACTION NO. 1:17-CV-672 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN LANE,** | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Arthur Carter ("Carter"), a federal inmate incarcerated at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania. Carter challenges a sentence imposed by the United States District Court for the Central District of Illinois for the crime of conspiracy to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Id.) Carter claims that his federal sentence was based on an incorrect criminal history score, and he should be resentenced with a criminal history score of one point, with a two point reduction under the Fair Sentencing Act. (Id.) Carter claims that his sentence "risks" a violation of the ex post facto clause of the United States Constitution. (Id. at 8).

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I.  **Background**

The background of this matter has been summarized by the United States District Court for the Central District of Illinois as follows:

> On July 2, 2002, Defendant was found guilty by a Jury in this Court of conspiracy to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Minutes dated 7/2/2002). On November 1, 200[ ]2, Defendant was sentenced to the custody of the Bureau of Prisons for a term of life. (ECF No. 102). Defendant did not timely appeal his conviction. (ECF No. 152). Defendant sought post-conviction relief by filing a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Arthur Carter v. United States, ILCD Case No. 04-1131. That Motion was denied. Subsequently, under retroactive Amendments 706 and 711 to the Sentencing Guidelines, the Defendant's sentence was reduced by this Court to a sentence of 360 months (lowest end of the sentencing range of 360 months to life). (ECF No. 184).
>
> Subsequently, Defendant filed pleadings arguing that Amendment 750 of the Sentencing Guidelines and the Supreme Court case of Alleyne v. United States, 133 S.Ct. 2151 (2013) provided a basis for further sentencing reduction. (See ECF Nos. 228 and 255). Those Motions were denied. (ECF No. 259).
>
> On July 23, 2014, Carter filed a Motion to Reduce Sentence "due to the recent amendment to U.S.S.G. for all drugs minus two [ ]." (ECF No. 267). Pursuant to Administrative Order (ILCD Case No. 14-1051), the Court entered TEXT ORDER appointing the Federal Public Defender as attorney of record for Carter to represent him on his Motion. On March 16, 2015, pursuant to an agreed motion between the Federal Public Defender and United States Attorney's Office, this

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

2

> Court entered an order reducing Carter's custody sentence to 292 months pursuant to Amendment 782. (ECF No. 271).
>
> In his newest Motion, Carter appears to be under the mistaken belief that no action has been taken regarding his sentence as a result of implementation of Amendment 782 to the United States Sentencing Commission's Guidelines Manual. (ECF No. 280 at 4, indicating that he is still serving a sentence of 360 months). That, of course, is not the case. (See ECF No. 272, Amended Judgment reducing sentence to 292 months). Since Carter has already received relief under Amendment 782, no further reduction is warranted under the change to the sentencing guidelines. Accordingly, the Motion to Reduce Sentence – U.S.S.C. Amendment (ECF No. 280) is DENIED.

United States v. Carter, electronic docket, No. 1:01-cr-10041-MMM-JEH, Doc. 282 (C.D. Ill. September 1, 2015).

Carter filed the instant petition pursuant to 28 U.S.C. § 2241 on April 14, 2017 on the ground that the probation officer "incorrectly applied criminal history points that overrepresents [sic] the Petitioner's criminal history when she prepared the Petitioner's pre-sentence report. Due to the incorrect application of the United States Sentencing Guidelines, [the probation officer] violated the Petitioner's Fifth Amendment right to Due Process." (Doc. 1, at 1). For relief, Carter seeks the appointment of counsel "to assist him in being resentenced." (Id. at 8).

## II.  Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the

3

request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); OKereke, 307 F.3d at 120 (explaining that this exception is extremely narrow). Section 2255 may be inadequate or ineffective when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision." Dorsainvil, 119 F.3d at 251-52. Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." Id., citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence."). See also United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and

determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

Carter argues that he is entitled to habeas relief under § 2241 because he is not challenging his conviction, but rather his criminal history score, which was allegedly incorrect. Carter is essentially seeking the correction of sentencing errors, and not the execution of his sentence. A § 2255 motion is the appropriate and exclusive mechanism for seeking federal judicial review to alter or amend a presentence report. See United States v. Ballard, 855 F.Supp.2d 406, 414 (E.D. Pa. 2012) (challenge to adverse information in presentence report must be pursued through a habeas motion under § 2255); Bowens v. United States, 2011 WL 5520531, *3 (M.D. Pa. Nov. 14, 2011) ("Regardless of how Petitioner labels his pending PSR related claim, it clearly questions the legality of his federal sentence . . . [and must be pursued] by way of a motion pursuant to § 2255.").

Furthermore, sentencing enhancement challenges are insufficient to invoke § 2241. See Cradle, 290 F.3d 536, 538-39 (3d Cir. 2002). In Dorsainvil, the Third Circuit held that relief under § 2241 is permissible where a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. Dorsainvil, 119 F.3d at 251-52; Okereke, 307 F.3d at 120 (holding that relief under § 2241 is available only in "rare situations" where the crime of conviction was later deemed non-criminal). Section 2241 is not available for intervening changes in the sentencing law. Id. "For example, we did not allow Okereke to proceed under § 2241 because his argument was based on 'Apprendi [which] dealt with sentencing and did not render . . . the crime for which Okereke was convicted, not criminal.' Id. at 120."

5

United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Carter does not allege that he is actually innocent of the crimes for which he was convicted; rather, he alleges that his sentence was improperly calculated based on an incorrect application of the United States Sentencing Guidelines. Therefore, the exception created in Dorsainvil is not applicable, and relief under § 2241 is not available. Okereke, 307 F.3d at 120-21 (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal); see also Sorrell v. Bledsoe, 437 F. App'x 94 (3d Cir. 2011). Since Carter has failed to show that 28 U.S.C. § 2255 is "inadequate or ineffective" to challenge his detention, the petition is subject to dismissal for lack of jurisdiction. See Savage v. Zickefoose, 446 F. App'x 524, 525-26 (3d Cir. 2011) ("To the extent that [the petitioner] alleged that the sentencing court should have provided for concurrent federal and state sentences under U.S.S.G. §§ 5G1.3(b) and 5G1.3(c), the District Court properly dismissed his claims for lack of jurisdiction. . . . We agree with the District Court that [the petitioner's] situation is not the rare one rendering § 2255 inadequate or ineffective."); Smart v. Kirby, 436 F. App'x 64, 65-66 (3d Cir. 2011) (holding that the petitioner could not pursue his claim that his federal sentencing court violated U.S.S.G. § 5G1.3 in a § 2241 habeas petition, and finding that § 2255's savings clause did not apply).[2]

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions herein reflect that the court has considered the panel's *ratio decidendi* and is persuaded by same.

6

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction. Notably, dismissal will be without prejudice to Carter's ability to take any action he deems appropriate under § 2255 to preserve and present his issues in a second or successive motion in the appropriate Court of Appeals.

An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: June 13, 2017